**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| DENISE ACKLEY, | : |
| Petitioner, | : Civil Action No. 16-2440 (CCC) |
| v. | : **MEMORANDUM OPINION** |
| WILLIAM ANDERSON, et al., | : |
| Respondents. | : |

This matter comes before the Court on a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 filed by Petitioner Denise Ackley. Petitioner has declared that this petition sets forth all grounds for relief and is her one, all-inclusive habeas petition. The Court has reviewed the Petition, Respondent's Answer, Petitioner's Reply, and the records of the state court proceedings. It appearing:

1. Petitioner pled guilty to one count of endangering the welfare of a child, for having performed an explicit sexual act in front of her nine-year old son with another man, in the name of "sex education." (ECF No. 5-4 at 71-72.) Petitioner did not appeal the resulting judgment and sentence, but filed an application for post-conviction relief ("PCR"), raising two claims. Petitioner asserted that her trial counsel provided ineffective assistance of counsel because he (1) failed to "develop and present a 'strong psychiatric defense of diminished capacity' based on 'multiple mental illnesses that she was suffering from" (referred to herein as "Ground One"); and (2) failed to "discuss with her 'details and ramifications' of the plea and its 'penal and collateral consequences[]'" ("Ground Two"). (*Id.* at 72-73.) The PCR was denied and affirmed by the appellate court. (*Id.* at 70.)

2. In the instant Petition, Petitioner only raises Ground One as described above. (*See* ECF No. 1 at 5.) As such, it does not appear that Petitioner is attacking the knowing and voluntary nature of her guilty plea here on federal habeas. Because Petitioner does not challenge the knowing and voluntary nature of her guilty plea, her federal habeas claim is deemed waived under *Tollett v. Henderson*, 411 U.S. 258 (1973). When a defendant enters into a counseled, intelligent, and voluntary plea agreement, "[s]he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea." *Id.* at 267; *see United States v. Whitmer*, 505 F. App'x 167, 173 (3d Cir. 2012). By pleading guilty, Petitioner waived her right to raise an affirmative defense at trial and to bring claims of ineffective assistance of counsel relating to counsel's failure to discover those defenses prior to the guilty plea. *See Miller v. Janecka*, 558 F. App'x 800, 803 (10th Cir. 2014) (finding a claim of inadequate investigation by counsel prior to the plea, which did not challenge the validity of the plea itself, was waived); *Ghani v. Holder*, 557 F.3d 836, 839 (7th Cir. 2009) (holding an ineffective assistance of counsel claim alleging counsel's failure to raise an affirmative defense based on the lack of an indictment had been waived by the guilty plea, because it did not challenge the voluntary and intelligent nature of the plea itself); *Lupinacci v. New Jersey*, No. 13-5578, 2015 WL 505880, at *4 (D.N.J. Feb. 6, 2015) (holding that *Tollett* barred claims of ineffective assistance of counsel that occurred prior to the plea agreement and were not related to the voluntary nature of the plea).

3. The state appellate court found:

> the record supports the PCR court's determination that defendant was not denied the effective assistance of counsel because her mental status was adequately explored. The record shows that defendant was examined twice as to her competence, once by her own expert, Phillip H. Witt, Ph.D., A.B.P.P. ("Dr. Witt"), and once by the court's appointed doctor, Peter D. Paul, Ph.D. ("Dr. Paul").

(ECF No. 5-4 at 75.) "In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1). Petitioner has not provided evidence to rebut the state appellate court's finding. Accordingly, the Petition is denied.

4. Even if the Court construed the Petition as raising Ground Two, that claim fails. In the plea context, "counsel is required to give a defendant enough information to make a reasonably informed decision whether to accept a plea offer." *United States v. Bui*, 765 F.3d 363, 367 (3d Cir. 2015). The defendant must show that "there is a reasonable probability that, but for counsel's errors, [s]he would not have pleaded guilty and would have insisted on going to trial." *United States v. Jesus-Nunez*, 576 F. App'x 103, 106 (3d Cir. 2014) (quoting *Hill v. Lockhart*, 474 U.S. 52, 59 (1985)). Petitioner has not provided evidence that a diminished capacity defense would have been successful or that but for counsel's alleged failure to conduct an adequate investigation, counsel would have provided information to Petitioner that would have persuaded her to go to trial. Petitioner has not presented clear and convincing evidence to rebut the state court's conclusion that any diminished capacity defense would have been meritless and unlikely to succeed. Therefore, to the extent the Petition can be construed as challenging the knowing and voluntary nature of the plea agreement, that claim fails.

Date: Feby 7, 2017

Claire C. Cecchi
United States District Judge